1  STEVEN C. CARLSON (SBN 206451)
   scarlson@kasowitz.com
2  KEVIN PASQUINELLI (SBN 246985)
   kpasquinelli@kasowitz.com
3  KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
   333 Twin Dolphin Drive, Suite 200
4  Redwood Shores, CA  94065
   Telephone:  (650) 453-5170
5  Facsimile:  (650) 453-5171

6

7  Attorneys for Plaintiff
8  JADELIQUID SOFTWARE (INTL.) PTY LTD.

9

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JADELIQUID SOFTWARE (INTL.) PTY LTD., an Australian company,<br><br>                    Plaintiff,<br><br>         v.<br><br>NOVELL, INC., a Delaware corporation,<br><br>                    Defendant. | Civil Action No.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND PRIOR USER RIGHTS OF U.S. PATENT NO. 8,286,232**<br><br>**DEMAND FOR JURY TRIAL** |

        Plaintiff JadeLiquid Software (Intl). Pty Ltd., an Australian company, seeks a declaration

that it does not directly or indirectly infringe United States Patent No. 8,286,232 as follows:

---

**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND PRIOR USER RIGHTS OF U.S. PATENT NO. 8,286,232**
Civil Action No.

## NATURE OF ACTION

1.      This is an action for a declaratory judgment of non-infringement arising under the patent laws of the United States, Title 35 of the United States Code.  JadeLiquid requests this relief because Defendant Novell has accused JadeLiquid of inducing infringement of U.S. Patent No. 8,286,232, entitled *System and Method for Transparent Cloud Access* ("Patent-In-Suit" or "the '232 Patent"), in a letter dated September 8, 2014, attached as Exhibit A (attachment omitted).  Defendant filed a complaint in the Federal District of Utah ("the Utah Complaint") the same day asserting that JadeLiquid "has induced, and continues to induce, infringement of the '232 Patent by its customers or other end users in the United States by offering for sale, selling, and/or importing in or into the United States its WebRenderer Swing Edition Software product, which JadeLiquid has sold or offered for sale."  The Utah Complaint is attached as Exhibit B. Defendant's actions have created a justiciable controversy between itself and JadeLiquid.

## THE PARTIES

2.      Plaintiff JadeLiquid is a small software development company incorporated in Australia, with its principal place of business at Level 2, 147 Macquarie Street, Hobart, Tasmania, Australia 7000.  JadeLiquid provides developers with Java components to streamline Java application development.  In other words, JadeLiquid does not build software applications; it builds components that other software developers use in their applications.  JadeLiquid develops WebRenderer Swing Edition, the accused instrumentality, which is a software toolkit for embedding a web browser (Mozilla Firefox) into Java.

3.      Defendant Novell is a corporation duly organized and existing under the laws of the State of Delaware.  Defendant claims that its principal place of business is located at 1800 South Novell Place, Provo, Utah 84606.

**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND PRIOR USER RIGHTS OF U.S. PATENT NO. 8,286,232**

**JURISDICTIONAL STATEMENT**

4.     This action arises under the Declaratory Judgment Act, 28 U.S.C. §§2201, et. seq., and under the patent laws of the United States, 35 U.S.C. §§ 1-390.

5.     This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338(a), and 2201(a).

6.     This Court has general personal jurisdiction over Defendant.  The evidence of systematic and continuous contacts with California is substantial.

7.     Defendant has a registered agent for service of process in California.

8.     Defendant is registered to do business in California, entity number C1278590.

9.     Defendant has purposely availed itself of the California court system numerous times, including the following: *Novell, Inc. vs. Mcintosh Funding Group*, Case No. 07CC09734 (breach of contract); *Novell, Inc. vs. Mcintosh Funding Group*, Case No. 07CC01097 (unlawful detainer); *Novell, Inc. vs Micron Electronics*, Case No. 1-05-CV-044896, filed in the Superior Court of California, County of Santa Clara.

10.     Defendant sells products and services in California.  Defendant's web site documents numerous product installations in California:

    a.     For example, *see* https://www.novell.com/media/content/city-of-fresno-saves-big-with-novell-mobility-solution.html, *City of Fresno Saves Big with Novell Mobility Solution* stating; "See how Novell enabled big savings for the City of Fresno in multiple city departments."  Exhibit D, Declaration of Kevin M. Pasquinelli in Support of Plaintiff's Complaint for Declaratory Judgment of Non-Infringement and Prior User Rights of U.S. Patent No. 8,286,232 ("Pasquinelli Decl.") at 4.

    b.     For example, *see* https://www.novell.com/media/content/city-of-fresno-airport-and-novell-filr.html, *City of Fresno Airport and Novell Filr* stating; "Fresno Airport saves big using a mobility solution powered by Novell Filr."  Exhibit D, Pasquinelli Decl. at 5.

1        c.    Previous litigations have disclosed many other customers, including the City of

2               Carlsbad, Tropitone Furniture, and Save Mart Supermarkets.  Exhibit D,

3               Pasquinelli Decl. at 6, Declaration of Todd Blumenfeld at pp 3-6, as filed in

4               *Softvault Systems, Inc., v. Novell, Inc.*

5    11.    Defendant has created an extensive partnership network in California:

6        a.    Defendant lists five solution provider and system integrator partners in California.

7               *See* *https://www.partnernetprogram.com/partnerlocator/locator.do?country*=,

8               including partners in Mountain View and Fremont.  Exhibit D, Pasquinelli Decl. at

9               7.

10       b.    Defendant lists four training partners in California. *See*

11              *https://www.partnernetprogram.com/partnerlocator/locator.do?country*=,

12              including partners in San Bruno and Tracy.  Exhibit D, Pasquinelli Decl. at 8.

13       c.    Defendant lists fifty one independent software vendor partners throughout

14              Northern and Southern California. *See*

15              https://www.partnernetprogram.com/partnerlocator/locator.do?country=, including

16              partners in Redwood City, Santa Clara, San Jose, Sunnyvale and San Francisco.

17              Exhibit D, Pasquinelli Decl. at 9.

18       d.    Defendant lists twenty seven independent hardware vendor partners in California.

19              *See* https://www.partnernetprogram.com/partnerlocator/locator.do?country= ,

20              including partners in Mountain View, San Jose, Santa Clara, and Milpitas.  Exhibit

21              D, Pasquinelli Decl. at 10.

22    12.    Defendant has numerous employees in California.

23        a.    LinkedIn discloses that there are three sales executives, and one engineer,

24              employed by Novell residing in Orange County, California.  Exhibit D, Pasquinelli

25              Decl. at 11.

26

27

28

**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND PRIOR USER**
**RIGHTS OF U.S. PATENT NO. 8,286,232**
Case No.

b.      LinkedIn discloses that there are three additional professionals residing in the Sacramento, California, and a support engineer residing in Salinas, California. Exhibit D, Pasquinelli Decl. at 12.

13.      Defendant actively conducts sales seminars in California. Currently, Defendant is scheduled to present at the Hyatt Regency, San Francisco on October 22nd, 2014 and Costa Mesa, CA on September 16, 2014. *See* http://www.novell.com/events/productivity/ for more details on its Road to Productivity Tour. Exhibit D, Pasquinelli Decl. at 13.

## INTRADISTRICT ASSIGNMENT

14.      For purposes of intradistrict assignment under Civil Local Rules 3-2(c) and 3-5(b), this Intellectual Property Action will be assigned on a district-wide basis.

## THE CONTROVERSY BETWEEN THE PARTIES

15.      JadeLiquid first began commercializing WebRenderer in 2003. In 2005, Novell began licensing the WebRenderer Desktop Edition Software to embed it into Novell's flagship software platform, GroupWise. In August 2007 Novell licensed WebRenderer Swing Edition to replace the WebRenderer Desktop Edition in GroupWise. The JadeLiquid Master License Agreement and subsequent amendments thereto (collectively, "JMLA") memorialized the financial and legal terms. Under the JMLA, Novell was to pay JadeLiquid ongoing royalties for the use of WebRenderer Swing Edition software in GroupWise.

16.      In 2010, Novell declined to renew the JMLA, but nonetheless thereafter persisted in including WebRenderer Swing Edition in new versions of GroupWise, thus violating JadeLiquid's rights. The parties mediated in Northern California in early 2014, and did not reach agreement. Based on the JMLA's forum selection clause, JadeLiquid filed suit in the United Kingdom on July 21, 2014 (the "U.K. suit").

17.      On September 8, 2014, Novell's counsel emailed a letter to JadeLiquid at about 5:04 a.m. Hobart time, purportedly to notify JadeLiquid of infringement of Novell's '232 patent. JadeLiquid had no prior notice of this patent. Novell then filed the Utah Complaint for

5

**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND PRIOR USER RIGHTS OF U.S. PATENT NO. 8,286,232**
Case No.

1    infringement of the Patent-In-Suit just hours later, also on September 8, 2014.  The court website

2    states that new cases are accepted only until 4:00 p.m. Mountain Standard Time.  Therefore, on

3    information and belief, the Utah Complaint was filed by 8:00 a.m. Hobart time, September 8,

4    2014.

5          18.    JadeLiquid will timely respond to the Utah Complaint by filing a motion to

6    dismiss for lack of personal jurisdiction based on Federal Rule of Civil Procedure 12(b)(2) and for

7    failure to state a claim on which relief can be granted based on Fed. R. Civ. Pro. 12(b)(6) (the

8    "Utah Motion").  JadeLiquid fully expects the Utah Complaint to be dismissed.

9          19.    In the likely event the court grants the Utah Motion, JadeLiquid has filed this

10   complaint to move the patent dispute to a proper jurisdiction.

11   <u>**JADELIQUID DOES NOT INFRINGE THE PATENT IN SUIT**</u>

12         20.    JadeLiquid's WebRenderer software has shipped since 2003.  Novell's '232 patent

13   was filed in November, 2009 and issued in October, 2012.  Therefore, JadeLiquid was selling its

14   software product six years before Novell filed for patent protection.  Neither JadeLiquid's

15   WebRenderer Swing Edition nor any other versions of the WebRenderer software directly or

16   indirectly infringe the Patent-In-Suit.

17         21.    To the best of JadeLiquid's knowledge, no third party infringes any claim of the

18   Patent-In-Suit by using WebRenderer Swing Edition, or any other version of WebRenderer

19   software.  JadeLiquid has not caused, directed, requested, or facilitated any such infringement,

20   much less with specific intent to do so.  WebRenderer software is not designed for use in any

21   configuration which infringes, or indirectly infringes, any claim of the Patent-In-Suit.

22   WebRenderer software transforms data provided by the Mozilla Firefox web browser into a

23   graphic image for viewing on a display screen.  The Patent-In-Suit concerns systems and methods

24   for transparent cloud access, claiming secure bridge mechanisms for interconnecting enterprise

25   and cloud computing environments.  These technologies are fundamentally different.

26

27

28

**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND PRIOR USER
RIGHTS OF U.S. PATENT NO. 8,286,232**
Case No.

**FIRST COUNT**

(Declaration of Non-Infringement of the Patent-In-Suit)

22.    JadeLiquid restates and incorporates by reference the allegations in the paragraphs above of this complaint as if fully set forth herein.

23.    Defendant claims to own all right title and interest in the Patent-In-Suit.  A copy of the Patent-In-Suit is attached as Exhibit C.

24.    In the Utah Complaint, Defendant asserts that JadeLiquid has "induced, and continues to induce, infringement of the '232 Patent by its customers or other end users in the United States by offering for sale, selling, and/or importing in or into the United States its WebRenderer Swing Edition Software product, which JadeLiquid has sold or offered for sale within this judicial district."

25.    A substantial, immediate, and real controversy therefore exists between JadeLiquid and Defendant regarding whether the WebRenderer Swing Edition software product induces infringement of the Patent-In-Suit in others.  A judicial decision is necessary to determine the parties' respective rights regarding the Patent-In-Suit.

26.    JadeLiquid seeks a judgment declaring that JadeLiquid's WebRenderer Swing Edition software product does not directly or indirectly infringe any claim of the Patent-In-Suit, either literally or under the doctrine of equivalents.

**SECOND COUNT**

(Defense to Infringement Based on Prior Commercial Use)

27.    JadeLiquid restates and incorporates by reference the allegations in the paragraphs above of this complaint as if fully set forth herein.

28.    JadeLiquid has commercialized its WebRenderer software in the United States continuously since 2003.  Because Novell did not file for its '232 patent until November 2009, JadeLiquid is the prior commercial user.  JadeLiquid's WebRenderer software has never infringed the '232 patent, and JadeLiquid has never induced any such infringement.  However, in the

7

1  unlikely event that any such determination were to be made, then JadeLiquid would be entitled to

2  prior user rights pursuant to 35 U.S.C. § 273.

3      29.    A substantial, immediate, and real controversy therefore exists between JadeLiquid

4  and Defendant regarding whether JadeLiquid is entitled to prior user rights under 35 U.S.C. § 273.

5  A judicial decision is necessary to determine the parties' respective rights regarding the Patent-In-

6  Suit.

7      30.    JadeLiquid seeks a judgment declaring that it does not infringe Novell's '232

8  patent pursuant to 35 U.S.C. § 273.

9  **<u>PRAYER FOR RELIEF</u>**

10      WHEREFORE, JadeLiquid prays for judgment and relief as follows:

11      A.    Declaring the JadeLiquid's WebRenderer Swing Edition software product does not

12  infringe the Patent-In-Suit;

13      B.    Declaring that JadeLiquid is entitled to prior user rights pursuant to 35 U.S.C. §

14  273;

15      C.    Declaring that judgment be entered in favor of JadeLiquid and against Defendant

16  on each of JadeLiquid's claims;

17      D.    Finding this action an exceptional case under 35 U.S.C. §285;

18      E.    Awarding JadeLiquid its costs and attorneys' fees in connection with this action;

19  and

20      F.    Such further and additional relief as this Court deems just and proper.

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28

8

**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND PRIOR USER
RIGHTS OF U.S. PATENT NO. 8,286,232**
Case No.

1

**JURY DEMAND**

2
          JadeLiquid demands a jury trial on all issues and claim so triable.

3

4     Dated: September 22, 2014                    Kasowitz, Benson, Torres & Friedman LLP

5                                                  By:  */s/  Steve C. Carlson*                   _
                                                        Steve C. Carlson
6                                                       Kevin Pasquinelli

7

8                                                       Attorneys for Plaintiff
                                                        JADE LIQUID SOFTWARE (INTL.) PTY LTD.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND PRIOR USER
RIGHTS OF U.S. PATENT NO. 8,286,232**
Case No.